O:\MAXWELL FILES\Parida, Bob\ParidaFinalDecMot.doc
06-110-018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 06-10563 |
| ASHOK PARIDA, | ) Hon. Carol A. Doyle |
| | ) Chapter 11 |
| Debtor and Debtor in possession. | ) |

## NOTICE OF MOTION

To:   See attached service list

PLEASE TAKE NOTICE that on December 15, 2009, at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Carol A. Doyle in Courtroom 742, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Debtor's Motion for Entry of an Order and Final Decree Closing Case,** at which time and place you may appear, if you so see fit.  A copy of the Motion is attached hereto and is herewith served upon.

> Andrew J. Maxwell (ARDC#1799150)
> Vikram R. Barad (ARDC #6277076)
> Maxwell Law Group, LLC
> 105 W. Adams, Suite 3200
> Chicago, IL 60603
> 312/368-1138

CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a copy of the foregoing Notice and Motion to be served upon the United States Trustee (and any others having registered) pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and served upon the other parties in the attached service on December 8, 2009.
.

> By: /s/ Vikram R. Barad

## SERVICE LIST

United States Trustee (VIA ECF NOTICE)
227 W. Monroe, Suite 3350
Chicago, IL 60606

Ashok Parida (VIA EMAIL)
2471 Waterside Drive
Aurora, IL 60502

American Express (VIA US MAIL)
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Target National Bank (VIA US MAIL)
c/o Weinstein & Riley, P.S.
2101 Fourth Ave., Suite 900
Seattle, WA 98121

Newcastle Properties, LLC – (VIA ECF NOTICE)
c/o Arnold Landis
77 W. Washington, Suite 702
Chicago, IL 60602

Torshen Slobig Genden Dragutinovich & Axel, Ltd (VIA ECF NOTICE)
105 W. Adams, Suite 3200
Chicago, IL 60603

Charter One Bank (VIA US MAIL)
c/o Donald Newman
 Donald L Newman & Associates
11 S. Lasalle Street, Suite 1500
Chicago, IL 60603

General Motors Acceptance Corporation
2740 Arthur Street
Roseville, MN 55113-1303
(VIA US MAIL)

O:\MAXWELL FILES\Parida, Bob\ParidaFinalDecMot.doc
06-110-018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 06-10563 |
| ASHOK PARIDA, | ) Hon. Carol A. Doyle |
| | ) Chapter 11 |
| Debtor and Debtor in possession. | ) |

**DEBTOR'S MOTION
FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CASE**

Ashok Parida, a/k/a Bob Parida, Debtor and Debtor-in-Possession ("Debtor" or "Mr. Parida"), by his counsel for this case, states the following as Debtor's Motion For Entry of an Order and Final Decree Closing Case ("Motion"):

**JURISDICTION**

1.　This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).  Venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　This basis for relief requested herein are §§ 105(a) and 350 of Title 11 U.S.C. (as amended, the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 3022.

**BACKGROUND**

3.　This case was filed as a voluntary petition under Chapter 13 of the Bankruptcy Code on August 28, 2006 (sometimes referred to as the "Individual Case").  The Individual Case was converted to a Chapter 11 case and reassigned to this Court as a related case to K & P Automotive, Inc., d/b/a Sparks Complete Car Care ("K&P"), Case no. 06-10562 (the "Corporate Case").  Pursuant to §1107(a) and 1108, in each case the debtor remains in possession of its property and continues to operate its business and conduct its financial affairs as Debtor-in-

Possession pursuant to the provisions of the Bankruptcy Code. The first meeting of creditors has been held and concluded. No committee of creditors has been formed in either the Individual Case or the K&P Case.

4. On June 18, 2009, the Court held a combined hearing regarding the Debtor's Second Amended Disclosure Statement and Debtor's Second Amended Chapter 11 Plan. On June 29, 2009, the Court entered an Order confirming the Debtor's Second Amended Chapter 11 Plan (the "Plan"), and the Plan became effective on July 10, 2009 ("Effective Date"). The Plan generally provides for payment from Debtor's cash flow over a period of time.[1]

## STATUS OF THE CASE

5. Since the Plan's Effective Date, a status is as follows:

A. *Funds*: As of the date of this Motion, no funds have been paid into the Plan by the Debtor.

B. *General Unsecured Claims and Priority Claims*. As of the date of this Motion, either the Court has expunged or the Debtor has allowed all unsecured and priority claims[2] against it (see provision regarding "Appeals" below). Distributions are to be made as forth in the Plan out of funds to be paid into the Plan by the Debtor.

---

[1] The Plan, Article 4.1 provides as follows:
"4.01 The Plan shall be funded generally from Debtor's post-petition earnings in the Debtor's ordinary course of business after the Effective Date, and additional funds that may be available to fund the Plan as set forth in the next paragraph. To the extent that the additional funds are not sufficient to pay the amounts due under the Plan, Debtor will pay into the Plan all of his "disposable income", as defined in Section 1325 of the Bankruptcy Code, until the earlier of sixty (60) months or until payment in the amount of the net value of the Debtor's non-exempt property as shown on the Liquidation Analysis attached to the Disclosure Statement. Details regarding the Debtor's current financial condition and projections for its future operations during the term of the Plan are set forth in greater detail in the Debtor's Disclosure Statement. The payments due to Class 1 on the Effective Date shall be funded by cash flow generated by the Debtor's post-petition earnings, sale or refinance of Debtor's non-exempt assets, and whatever other source of funds is available soonest."

[2] This includes any claims that the Debtor has resolved with the individual claimant(s) without the need for an official objection to be filed.

C.    *Administrative Claims*.  As of the date of this Motion, i) Debtor is current on quarterly fee payments to the United States Trustee, ii) Debtor owes allowed fees and expenses to his general counsel in the amount of $28,375.27 (through August 2007) and to his special counsel in the amount of $6,859.81, and iii) Debtor owes fees and expenses to his counsel (both general and special counsel) that have not yet allowed by this Court in excess of an additional $56,000.[3]  Otherwise, there are no other known unresolved administrative claimants.  Debtor anticipates that on or before entry of any order closing this case, that he will remit any remaining payments owed to the United States Trustee.  There have not been any payments made by Debtor to the administrative claimants other than the United States Trustee.

D.    *Appeals*.  There is only one known appeal pending, namely by the disallowed creditor Newcastle Properties, LLC ("Newcastle"), whose claim was disallowed by this Court by order in February 2009.  Provisions have been made in the Plan in the unlikely event that claim becomes an allowed claim.[4].

---

[3]  The Plan provides, at Article 2.01, as follows:
"2.01.  CLASS 1 (ADMINISTRATIVE CLAIMS).
**Class 1** includes all the Administrative Claims of Debtor, as may be allowed by the Bankruptcy Court.  There are four known holders of class 1 claims, including the Debtor's attorneys (Andrew J. Maxwell, and the Maxwell Law Group, LLC, f/k/a Maxwell & Potts, LLC (hereinafter collectively the "Maxwell firm")) and special counsel to the Debtor (Torshen, Slobig, Genden, Dragutinovich & Axel, Ltd. (hereinafter the "Torshen firm")), the United States Trustee, and the Clerk of the Bankruptcy Court.  Class 1 may also include claims, if any, asserted by holders of executory contracts for unpaid payments which came due after the Petition Date up to the time of rejection, if any, of those executory contracts.
The total estimate of the aggregate amount of Class 1 claims is approximately $75,000, to be paid from the Debtor's assets and post-confirmation operating revenue.  All Class 1 claims shall be paid in full on the Effective Date of the Plan unless otherwise agreed in writing.  Class 1 claims shall be deemed to be **unimpaired**.
Class 1 will share in the Unsecured Creditors' Fund, described *infra* [in the Plan]*,* to the extent not otherwise paid by the Debtor."

[4]  The Plan provides for that in Article 2.05.

**RELIEF REQUESTED**

6. The Debtor requests that the Court issue a final decree closing this case as provided for in Bankruptcy Rule 3022. The Debtor believes he has substantially complied with all requisite post-confirmation tasks imposed under the Plan.

**BASIS FOR RELIEF**

7. § 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Federal Rule of Bankruptcy Procedure 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

8. Although the term "fully administered" is not defined by the Bankruptcy Code, the Advisory Notes to Federal Rule of Bankruptcy Procedure 3022 provides a non-exhaustive list of factors to be considered to determine whether a case has been fully administered, including (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been resolved. This list, however, is merely a guideline to aid this Court's determination and each of the factors need not be present before a court enters a final decree. See, In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr.N.D.Ill 1990).

9. In this case, the Debtor believes his case has been fully administered within the meaning of § 350(a) of the Bankruptcy Code, making it appropriate for the Court to enter a final

decree closing this case. In particular, the confirmation order has become final and non-appealable in July 2009. The Debtor has made payments of the United States Trustee quarterly fees. There are no remaining issues related to any claims in this case with the exception of the Newcastle appeal, and in the event the Newcastle claim is allowed, provisions have been made in the Plan to provide for payment to Newcastle. The Debtor believes the foregoing provides justification for entry of a final decree closing this case at this time.

## **NOTICE**

10. Debtor has provided at least seven (7) days notice of this motion to the United States Trustee and to all creditors having filed proofs of claims in this case. To the extent possible, service was made pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and if not possible it was made by other permissible means. Debtor respectfully requests this Court to shorten the notice period, deem service to be sufficient notice, and to waive any further notice requirement.

WHEREFORE, Ashok Parida, a/k/a Bob Parida, Debtor and Debtor-in-Possession, prays this Court grant the relief sought herein and such other and further relief as this Court deems just and fair.

    Respectfully submitted,
    Ashok Parida

    By:/s/ Vikram R. Barad
       One of his attorneys

Andrew J. Maxwell (ARDC # 1799150)
Vikram R. Barad (ARDC # 6277076)
Maxwell Law Group, LLC
105 West Adams, Suite 3200
Chicago, IL 60603
312/368-1138